NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY KHAI, | No. 16-56574 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:16-cv-03124-PA-JC |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before: TASHIMA and NGUYEN, Circuit Judges, and SIMON,** District Judge.

Jerry Khai appeals the dismissal of his complaint against the County of Los

Angeles ("the County") and various individuals employed by its Department of

Children and Family Services ("DCFS") (collectively, "the social workers") for

conduct surrounding an allegation of abuse made against him that was ultimately

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

ruled unsubstantiated. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.

1. The district court properly dismissed Khai's state claims on anti-SLAPP grounds. If state claims arise from activity protected by California Civil Procedure Code § 425.16 (the anti-SLAPP statute), the plaintiff must establish a "reasonable probability" that he will prevail on the claim. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (quoting *Wilcox v. Superior Court*, 33 Cal. Rptr. 2d 446, 453 (Ct. App. 1994)); *see also* Cal. Civ. Proc. Code § 425.16(b)(1). Reviewing de novo, *Graham-Sult v. Clainos*, 756 F.3d 724, 735 (9th Cir. 2014), we conclude that Khai has not met that showing here.

Khai's state claims rest entirely on alleged statements made by the social workers in connection with DCFS's investigation. These statements were made "in connection with an issue under consideration or review by a . . . judicial body, or [] other official proceeding authorized by law" and are thus protected activity. *See* Cal. Civ. Proc. Code § 425.16(e)(2); Cal. Penal Code § 11169(a), (d); Cal. Welf. & Inst. Code § 16501.5; *Dwight R. v. Christy B.*, 151 Cal. Rptr. 3d 406, 415 (Ct. App. 2013) ("[The] claims are based on acts preparatory to or in anticipation of official proceedings, namely, an investigation by child protective services.").

Khai cannot show a reasonable probability of success on these protected-activity claims. The social workers are immune from liability for their alleged

2

conduct pursuant to California Government Code §§ 820.2 and 821.6. *See*

*Jacqueline T. v. Alameda Cty. Child Protective Servs.*, 66 Cal. Rptr. 3d 157, 165

(Ct. App. 2007) ("Several [California] appellate courts . . . have held that a social

worker's decisions relating to . . . the investigation of child abuse, removal of a

minor, and instigation of dependency proceedings, are discretionary decisions

subject to immunity under section 820.2, and/or prosecutorial or quasi-

prosecutorial decisions subject to immunity under section 821.6.") (collecting

cases). Similarly, the County is immune from liability for its conduct "relating to

its investigation of reported child abuse" here. *See id.* at 166; *see also* Cal. Gov.

Code § 815.2(b).[1]

We therefore affirm the dismissal of all of Khai's state law claims.

2. The district court did not abuse its discretion in denying Khai's

request for discovery prior to granting the anti-SLAPP motion. While Federal

Rule of Civil Procedure 56 does not strictly govern here because an anti-SLAPP

motion is not technically a summary judgment motion, the procedure is sufficiently

similar that Rule 56's requirements should govern the discovery sought here. *See*

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (applying Rule

---

[1] Khai's argument that California Penal Code § 1169(j) trumps these immunity provisions is misplaced, as it specifically states, "nothing in this section shall be construed to alter or diminish any other immunity provisions of state or federal law."

56 to the question of whether a plaintiff was entitled to discovery for an anti-SLAPP motion). Khai did not provide an affidavit or declaration outlining why he needed additional discovery. *See* Fed. R. Civ. P. 56(d). Nor has Khai proffered any facts that he hopes to discover that could defeat the immunity to which the defendants are entitled on the state claims. *See Family Home & Fin. Ctr., Inc. v. Fed Home Loan Mortg. Corp.*, 525 F.3d 822, 825, 827 (9th Cir. 2008).

3.    The district court did not abuse its discretion in awarding anti-SLAPP attorney's fees. *See Manufactured Home Cmtys., Inc. v. Cty. of San Diego*, 655 F.3d 1171, 1176 (9th Cir. 2011). Attorney's fees are mandatory for a successful anti-SLAPP motion. *See* Cal. Civ. Proc. Code § 425.16(c)(1); *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001).[2] The district court made specific findings that the number of hours and hourly rates for preparation of the anti-SLAPP motion and motion for fees were reasonable for the applicable market. Those findings were not clearly erroneous, and the amount of attorney's fees awarded was reasonable. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001); *Chacon v. Litke*, 105 Cal. Rptr. 3d 214, 233 (Ct. App. 2010).

4.    The district court correctly ruled that the social workers are entitled to qualified immunity for Khai's due process claim. Khai fails to cite any precedent

---

[2] Khai did not ask the court to consider his ability to pay, nor is it clear that the court would be permitted to do so where, as here, the grant of fees was mandatory.

that could have put the social workers on notice that their reporting of Khai in the California Child Welfare Services Case Management System ("CWS/CMS"), or their alleged failure to update that information, would constitute a due process violation. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("A Government official's conduct violates clearly stablished law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." (internal quotation marks and alterations omitted)). In fact, the opposite is true; the social workers were following state law that mandated the reporting at issue. *Cf. Humphries v. County of Los Angeles*, 554 F.3d 1170, 1202 (9th Cir. 2009), *rev'd in part on other grounds sub nom. Los Angeles County v. Humphries*, 562 U.S. 29 (2010) ("'[A]n officer who acts in reliance on a duly-enacted statute . . . is ordinarily entitled to qualified immunity' which is lost only if it is 'so obviously unconstitutional as to require a reasonable officer to refuse to enforce it.'" (quoting *Grossman v. City of Portland*, 33 F.3d 1200, 1209–10 (9th Cir.1994))). Because the social workers are entitled to qualified immunity, the due process claim against them was properly dismissed.

5.     Khai has not adequately pled a violation of his due process rights against the County either. Khai argues that his reputational interest has been violated by his inclusion in CWS/CMS. Even if Khai has alleged stigma from the

5

information in CWS/CMS—*i.e.*, that the abuse complaint against him is still listed as "substantiated," so anyone who views the information will believe him to be a child abuser—he has not alleged the requisite "plus." *See Humphries*, 554 F.3d at 1185–92; *see also Paul v. Davis*, 424 U.S. 693, 711 (1976).

Khai alleges in his complaint that the information in CWS/CMS is "accessible to members of all 58 counties in the State of California, law enforcement, and court personnel involved in identifying persons for child abuse history." This allegation does not come close to the level of access we found to satisfy the "plus" in *Humphries*. *See* 554 F.3d at 1175–76 ("California makes the CACI[3] database available to a *broad array* of government agencies, employers, and law enforcement entities and even requires some public and private groups to consult the database before making hiring, licensing, and custody decisions.") (emphasis added); *id.* at 1177 (listing numerous examples of same); *see also id.* at 1178, 1188, 1190–91 (noting that California "explicitly requires agencies to consult the CACI . . . before granting a number of licenses and benefits"). In contrast to CACI, Khai's allegations suggest that access to information in CWS/CMS is limited to investigatory purposes and otherwise is not widely disclosed. Without alleging that "the law creates a framework under which agencies reflexively check the stigmatizing listing—whether by internal regulation

---

[3] "CACI" refers to the California Child Abuse Central Index.

6

or custom—prior to conferring a legal right or benefit," Khai has not pled a valid reputational interest for his due process claim and the claim was properly dismissed. *See id.* at 1188.

On appeal, in briefing and during oral argument, Khai's counsel suggested that numerous entities, separate and apart from DCFS in its investigatory role, have access to and use the information in CWS/CMS, but this representation was vigorously disputed by the County. On this record, it is unclear if amendment would be futile as to Khai's due process claim against the County. If, for example, Khai could allege access to satisfy the "plus" required by *Paul*, as we analyzed it in this context in *Humphries*, the court would then balance Khai's reputational interest against California's interests to determine whether existing procedures are adequate. *See Humphries*, 554 F.3d at 1185; *see also Mathews v. Eldridge*, 434 U.S. 319, 335 (1976). As we explained in *Humphries*, for investigatory purposes, California also has a significant interest in maintaining all reports of abuse (substantiated or not) because, "when coupled with other information, [they] can reveal patterns that might not otherwise be detected" and can aid "investigators who work off of hunches, disparate patterns, and minute clues" "to collect bits and pieces of information to establish a history or pattern" for future complaints. *Id.* at 1194–95, 1201; *see also id.* at 1201 ("The mere maintenance of such investigatory files apart from the CACI does not raise concerns under the Due Process Clause.").

But wide dissemination of information in CWS/CMS, beyond the state's investigatory or protection purposes, may give rise to due process concerns discussed in *Humphries*.[4]  Thus, based on Khai's counsel's representations, we cannot say that any amendment would be futile.  *See* Fed. R. Civ. P. 15(a)(2) (stating that leave to amend should be "freely" granted).

Each party should bear their own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[4] There are undisputedly procedures in place to challenge the facts underlying a substantiated allegation of abuse, *see* Cal. Penal Code § 11169(d), but it is not clear whether there are procedures in place for Khai to ensure that the information in CWS/CMS is updated to reflect the outcome of such proceedings.